UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:01CV1086 (JCH) |
| | : | |
| ONE PARCEL OF PROPERTY | : | |
| LOCATED AT 27 LINCOLN AVENUE, | : | |
| NORWALK, CONNECTICUT, | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, | : | |
| | : | |
| Defendant. | : | November 12, 2003 |
| | : | |
| [CLAIMANT: ALQUEEN BURDEN] | : | |

UNITED STATES OF AMERICA'S CONSENT IN PART AND
OPPOSITION IN PART TO CLAIMANT ALQUEEN BURDEN'S
MOTION TO ENLARGE TIME TO COMPLETE DISCOVERY

The United States of America (the "United States") hereby consents in part and opposes in part Claimant Alqueen Burden's Motion to Enlarge Time to Complete Discovery ("Motion"), and says the following:

1. As stated in Claimant's Motion, the parties have exchanged written discovery, in the form of answers to interrogatories and responses to requests for documents, and the parties have each completed taking three depositions, for a total of six completed depositions. Claimant's Motion indicates that she now seeks to take more than ten additional depositions, consisting of about nine incarcerated prisoners, one or more FBI agents, and one or more Norwalk Police officers. The United States is in the process of determining whether it would need to seek any more depositions,

but if it does perceive such a need, the United States expects that no more than one or two would be sought.[1]

2. The United States does not oppose claimant's seeking to take a reasonable number of further depositions, and accordingly the United States does not oppose the requested enlargement of time to December 8, 2003, in which to schedule and complete such depositions.[2] As also noted, the United States expects to determine within a few days whether it would seek to take one or two additional depositions, although it is trying to avoid any need to seek such further discovery.

3. The United States does not consent, however, to claimant's taking another ten or more depositions, which would be a total of 13 or more depositions taken by claimant. Although L. Civ. R. 13(d) exempts the District of Connecticut from Fed. R. Civ. P. 30(a)(2)(A)'s presumptive limit of ten depositions per party, the United States regards ten or more depositions as a large amount that would almost surely require a substantially longer enlargement of time. The logistics of scheduling and then getting into the deposition room, counsel for the parties, counsel for the many witnesses who have attorneys, and the witnesses, many of whom are incarcerated, are complex. As has already happened in this case, successfully making such arrangements for just three prisoner-witnesses took considerable time and effort. Moreover, in objecting to such a large number of depositions, the United States is mindful of the context in which this civil discovery is taking place, namely, after

---

[1] Undersigned counsel notes that, before leaving on honeymoon at the end of October, he told claimant's counsel the United States was not likely to seek to take further depositions, but that it was possible the United States would determine it needed one or two more to complete its discovery.

[2] In late October, undersigned counsel told claimant's counsel that the United States would not oppose his seeking to take a few more depositions, or a request for a few (not several) more weeks to complete discovery.

very extensive discovery was produced in the underlying criminal case, in which claimant's counsel represented a charged defendant, who is the husband of the claimant in the above-captioned cases. Claimant's counsel accordingly had, before any of the civil discovery commenced, extensive documentation regarding the evidence and witnesses who will establish the narcotics trafficking that occurred on the two properties that are the subject-matter of these forfeiture cases. This documentation includes abundant reports written by and/or about the federal and local law enforcement witnesses whom claimant presumably seeks to depose, and about the cooperating prisoner-witnesses whom claimant presumably seeks to depose.[3] Accordingly, the government submits that limiting the additional depositions to a number less than ten would not impose an unreasonable limit upon claimant's discovery needs. The United States regards a limit of approximately five more depositions to be more appropriate.

---

[3] Claimant's counsel has not yet identified which incarcerated witnesses and which law enforcement agents and officers he would seek to depose.

WHEREFORE, the United States respectfully submits that defendant's Motion to Enlarge Time to Complete Discovery should be granted in part and denied in part, that is, the government does not oppose an extension of the discovery deadline to December 8, 2003, and does not oppose claimant's counsel's taking up to five more depositions.

Respectfully submitted

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
HENRY K. KOPEL
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct24829
157 Church Street, 23d Floor
New Haven, CT  06510
(203) 821-3769

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Opposition to be sent by first class mail, postage prepaid, on this 12th day of November, 2003, to:

>Robert Sullivan, Esq.
>190 Main Street
>Westport, CT 06880

>HENRY K. KOPEL
>ASSISTANT U.S. ATTORNEY
>157 CHURCH STREET, 23d FLOOR
>NEW HAVEN, CT 06510
>(203) 821-3769
>FEDERAL BAR # ct24829