UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,    :
       :
      Plaintiff,    :
       :
     v.     :     Civil No. 3:01CV1073 (JCH)
       :
FOUR PARCELS OF PROPERTY    :
LOCATED AT 28-31 BOUTON    :
STREET, NORWALK, CONNECTICUT,   :
WITH ALL APPURTENANCES AND    :
IMPROVEMENTS THEREON, AND    :
       :
      Defendants.    :
       :
[CLAIMANT:  ALQUEEN BURDEN]   :
       :
       :                        :
UNITED STATES OF AMERICA,    :
       :
      Plaintiff,    :
       :
     v.     :     Civil No. 3:01CV1086 (JCH)
       :
ONE PARCEL OF PROPERTY    :
LOCATED AT 27 LINCOLN AVENUE,  :
NORWALK, CONNECTICUT,    :
WITH ALL APPURTENANCES AND    :
IMPROVEMENTS THEREON,    :
       :
      Defendant.    :     November 24, 2003
       :
[CLAIMANT:  ALQUEEN BURDEN]   :

UNITED STATES OF AMERICA'S MOTION TO STAY CLAIMANT'S
NINE ANNOUNCED DEPOSITIONS, TO QUASH DEPOSITION REQUEST
FOR DOCUMENTS FROM NORWALK POLICE DEPARTMENT, AND FOR
EMERGENCY  EXPEDITED STATUS CONFERENCE ON ALL PENDING MOTIONS

The United States of America (the "United States") hereby respectfully Moves the Court to:

(1) stay the nine depositions that Claimant has announced by letter to undersigned counsel; (2) quash

a deposition request for documents issued with respect to the Norwalk Police Department; and (3) call an emergency, expedited status conference this week to resolve these and other pending motions in the above-captioned cases. As grounds for this Motion, United States says the following:

1.     Claimant's counsel, by letter dated Friday, November 21, 2003, has announced to undersigned government counsel that he has "issued notices" proposing nine depositions to occur between Monday, December 1, 2003 and Friday, December 5, 2003. Claimant's counsel caused a FAX copy of this letter to be sent to undersigned government counsel at 5:05 p.m. of that day, but undersigned counsel did not received the FAX until shortly after noon today, Monday, November 24, 2003.

2.     The discovery deadline in the above-captioned civil forfeiture cases was October 31, 2003. Accordingly, pending a further ruling by the Court, there presently is no basis to announce or to issue notices for any further depositions, nor for any such depositions to proceed. Any deposition notice issued by Claimant at this time would operate outside the authority for discovery allowed by this Court.

3.     As discussed at an October 1, 2003 hearing in these cases, as well as in Claimant's pending Motion for Extension of Time seeking to conduct further discovery, and in the United States's Opposition in Part to that Motion, counsel for the parties are in partial agreement that it would be appropriate to grant Claimant's request to conduct a limited number of additional depositions. However, in that partial agreement, the United States consented to no more than five additional depositions - not the nine additional depositions sought by Claimant.

4. Moreover, the United States cannot and does not consent to Claimant's taking any further depositions until: (1) the Court rules on, and denies, Claimant's pending Second Motion for Protective Order; and (2) after such ruling, the United States has the necessary, short period of time

before the commencement of depositions during which undersigned counsel and the case agent(s) can meet with each of the potential government witnesses that will be deposed. Claimant's Second Motion for Protective Order seeks to bar the United States from meeting with its potential witnesses before they are deposed. The United States vigorously opposed this Motion in its written Opposition. Despite its belief that Claimant's Second Motion for Protective Order has no basis in the law - and despite the fact that there is no Court order barring the United States from meeting with its potential witnesses - the United States is voluntarily refraining from meeting with any witnesses whom Claimant has announced a desire to depose, in order to preserve the status quo pending the Court's ruling on that Motion. Because Claimant has announced that all nine depositions are to occur next week, immediately after Thanksgiving, the United States's good-faith restraint forecloses the United States's opportunity to meet with these witnesses before the announced deposition dates. This is especially so given that six of the nine witnesses are incarcerated prisoners, as to whom the logistics of scheduling and transporting back and forth between the prison and the most available deposition venue (FBI-Bridgeport headquarters) are difficult and time-consuming. For all of the reasons set forth in the United States's Opposition to Claimant's Second Motion for Protective Order, it would be manifestly unfair and prejudicial to require sworn deposition testimony from witnesses whom the likely sponsoring party at trial is barred from having the prior opportunity to meet with and interview. The United States should not be penalized for its good faith restraint in preserving the status quo pending adjudication of Claimant's Second Motion for Protective Order.

5.    Owing to the logistical issues noted above regarding the prisoner-witnesses, and especially given the intervening Thanksgiving holiday, the logistical issues of arranging for any of the nine depositions to take place almost certainly precludes their happening on the dates requested by Claimant's counsel.

6.   At least one of Claimant's deposition notices includes a request for documents, in which Claimant requests that the United States designate a witness from the Norwalk Police Department to bring to a deposition a myriad of documents, nearly all of which seek information about either (1) the proposed plans, if any, that the United States has for the disposition and use of the real properties sought to be forfeited, (2) information about all prior asset forfeitures conducted or received by the Norwalk Police Department in the past 10 years, and (3) all prior budgets and funding sources of the Norwalk Police Department over the past 10 years. The United States objects to all such requests as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. What may or may not happen to assets if, and after, they are forfeited has no shred of relevance to the material issues before the Court or the jury in a civil asset forfeiture case. The United States requests that, in reviewing Claimant's Motion for Extension of Time seeking to conduct further discovery, the Court assess these requests and issue an Order quashing them.

7.   Undersigned government counsel left a telephone message with Claimant's counsel's office phone answering machine shortly after 1:00 this afternoon (immediately after reviewing Claimant's motion and determining how to proceed), asking Claimant to call government counsel as soon as possible with his position on this Motion. Owing to the time constraints necessitated by Claimant's just-announced - and presently unauthorized - deposition schedule, government counsel was not in a position to wait beyond this same afternoon for a response before filing the within Motion.

-4-

8.   Claimant's having announced these nine, unauthorized depositions a mere week before they are to commence - and with the intervening week broken up by the Thanksgiving holiday - the United States believes that the issues presented by this discovery dispute require the Court's intervention before the scheduled start of the depositions this coming Monday.  Undersigned government counsel therefore requests that this Court schedule an emergency, expedited status conference this week - telephonically if more convenient - either Tuesday, November 25, 2003, Wednesday, November 26, 2003, or Friday, November 28, 2003.

WHEREFORE, the United States respectfully requests that the Court grant the United States's Motion and (1) stay the nine depositions that Claimant has announced by letter to undersigned counsel, (2) quash a deposition request for documents issued with respect to the Norwalk Police Department; and (3) call an emergency, expedited status conference this week to resolve these and other pending motions in the above-captioned cases.

Respectfully submitted

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____

HENRY K. KOPEL
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct24829
157 Church Street, 23d Floor
New Haven, CT  06510
(203) 821-3769

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion and proposed Order has been sent by

FAX and by first class mail, postage prepaid, on this 24th day of November, 200, to:

        Robert Sullivan, Esq.
        190 Main Street
        Westport, CT 06880

        FAX:  203-226-6403


                      HENRY K. KOPEL
                      ASSISTANT  U.S. ATTORNEY
                      157 CHURCH STREET, 23d FLOOR
                      NEW HAVEN, CT  06510
                      (203) 821-3769
                      FEDERAL BAR # ct24829

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,                  :
                                           :
              Plaintiff,                   :
                                           :
       v.                                  :       Civil No. 3:01CV1073 (JCH)
                                           :
FOUR PARCELS OF PROPERTY                   :
LOCATED AT 28-31 BOUTON                    :
STREET, NORWALK, CONNECTICUT,              :
WITH ALL APPURTENANCES AND                 :
IMPROVEMENTS THEREON, AND                  :
                                           :
              Defendants.                  :
                                           :
[CLAIMANT:  ALQUEEN BURDEN]                :
                                           :
                                           :                                    :
UNITED STATES OF AMERICA,                  :
                                           :
              Plaintiff,                   :
                                           :
       v.                                  :       Civil No. 3:01CV1086 (JCH)
                                           :
ONE PARCEL OF PROPERTY                     :
LOCATED AT 27 LINCOLN AVENUE,              :
NORWALK, CONNECTICUT,                      :
WITH ALL APPURTENANCES AND                 :
IMPROVEMENTS THEREON,                      :
                                           :
              Defendant.                   :       October 24, 2003
                                           :
[CLAIMANT:  ALQUEEN BURDEN]                :


<u>ORDER</u>

_____Upon consideration of the United States of America's Motion to Stay Claimant's Nine

Announced Depositions, to Quash Deposition Request for Documents from Norwalk Police

Department, and for Emergency Expedited Status Conference on All Pending Motions ("Motion"),

IT IS HEREBY ORDERED that the Motion is GRANTED; and

IT IS FURTHER ORDERED that all deposition notices issued by Claimant are hereby STAYED pending further Order of the Court; and

IT IS FURTHER ORDERED that Claimant's deposition request for documents from Norwalk Police Department is hereby QUASHED pending further Order of the Court; and

IT IS FURTHER ORDERED that a hearing / telephonic status conference on all outstanding Motions in this case will be held on the _____ day of _____ , 2003 at _____ a.m. / p.m.

Dated this _____ day of _____ , 2003,
at Bridgeport, Connecticut.


_____
HON. JANET C. HALL
UNITED STATES DISTRICT JUDGE