UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 APR 23  P 5: 25

US DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 3:01CV1073 (JCH) |
| FOUR PARCELS OF PROPERTY LOCATED AT 28-31 BOUTON STREET, NORWALK, CONNECTICUT, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, AND | : | |
| Defendants. | : | |
| [CLAIMANT:  ALQUEEN BURDEN] | : | |
| | | |
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 3:01CV1086 (JCH) |
| ONE PARCEL OF PROPERTY LOCATED AT 27 LINCOLN AVENUE, NORWALK, CONNECTICUT, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, | : | |
| Defendant. | : | April 23, 2004 |
| [CLAIMANT:  ALQUEEN BURDEN] | : | |

## STIPULATION FOR COMPROMISE SETTLEMENT AND SETTLEMENT ORDER

It is hereby stipulated by and between the PLAINTIFF, UNITED STATES OF AMERICA ("UNITED STATES"), on the one hand, and the CLAIMANT, ALQUEEN BURDEN ("CLAIMANT"), on the other, as follows:

1.    That the parties do hereby agree to settle and compromise both of the above-entitled cases upon the terms indicated below.

2.    That the CLAIMANT agrees to the forfeiture and disposition according to law of the Defendant property in Civil No. 3:01CV1073 (JCH), consisting of four parcels of property at 28-31 Bouton Street, Norwalk, Connecticut, more specifically described in Exhibit 1 to this Stipulation for Compromise Settlement (hereinafter, the "28-31 Bouton Street property").

3.    That immediately upon execution by the parties of this Stipulation for Compromise Settlement ("Stipulated Settlement"), it shall be submitted to the Court for entry of the accompanying Settlement Order and proposed Decree of Forfeiture.

4.    That this Stipulated Settlement shall be contingent upon the Court's issuing both the Settlement Order, and the Decree of Forfeiture with respect to the 28-31 Bouton Street property (hereinafter, "Decree of Forfeiture").

5.    That promptly following the Court's issuance of the Decree of Forfeiture, the United States Marshals shall make arrangements for the 28-31 Bouton Street property to be offered for sale.

6.    That the sale of the 28-31 Bouton Street property shall not be conducted by auction, but instead shall consist of the submission of the property by the U.S. Marshals, through their sub-contractor, to a qualified real estate broker for marketing and sale at fair market value to a qualified buyer. The real estate broker shall arrange to have the property listed on the multiple listings service in marketing the property. The broker's fee agreement shall be a fixed percentage of the sales price.

7.    That the UNITED STATES shall do the following upon the sale of the 28-31 Bouton Street property:

-2-

a.  If the sale price exceeds $600,000, the UNITED STATES shall, from the net proceeds of the sale, and at the closing of the sale or promptly following the closing, pay the CLAIMANT the dollar amount of the difference between the sale price and $600,000.

b.  If the sale price equals or is less than $600,000, the UNITED STATES shall not make any payment to the CLAIMANT.

8.  That, upon the Court's issuance of the Decree of Forfeiture with respect to the 28-31 Bouton Street property, the Court shall dismiss the civil action, United States v. One Parcel of Property at 27 Lincoln Ave., et al., No. 3:01CV1086.  Said dismissal shall constitute the United States of America's consent to the CLAIMANT's retaining title and ownership of the property known as 27 Lincoln Ave., Norwalk, Connecticut, more specifically described in Exhibit 2 to this Stipulated Settlement (hereinafter, the "27 Lincoln Ave. property.").

9.  That the CLAIMANT agrees to maintain, through the date when the Decree of Forfeiture is entered, both the 28-31 Bouton Street property and the 27 Lincoln Ave. property (hereinafter, "the Defendant properties") in the same condition as existed on the date this Stipulated Settlement was executed (allowing for ordinary wear), and agrees not to, nor cause or permit anyone else to, remove, destroy, alienate, transfer, detract from, remodel, or alter in any way either of the Defendant properties or any fixture that is part of either of the Defendant properties, without the express written consent of the UNITED STATES.  The term "maintain" shall include, but not be limited to, keeping the property free of hazard and structural defects, keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facility in good working condition, keeping the property clean, performing routine sanitation, waste removal, snow removal, and lawn mowing, and providing other ordinary and necessary routine maintenance.

-3-

10. That the CLAIMANT agrees to maintain, and if necessary initiate, insurance polices with respect to each of the Defendant properties, and to furnish the UNITED STATES with documentation of all such insurance, as follows. The CLAIMANT shall maintain, through the date when the Decree of Forfeiture is entered, casualty and fire insurance equal to the full replacement cost of each property and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from use of the property, or activities or conditions thereon.

11. That the CLAIMANT agrees not to sell, transfer, convey, or liquidate either of the Defendant properties, or cause to be placed on either of the Defendant properties or upon either of the titles to the Defendant properties, any loans, mortgages, liens, or any other encumbrances.

12. That the CLAIMANT agrees, with respect to all leased and vacant rental space at the 28-31 Bouton Street property: (1) not to issue any new leases, or renew any expired lease, to any tenant or potential tenant, at any time on or after the date when CLAIMANT signs this Stipulation for Compromise Settlement; (2) to furnish to the UNITED STATES, at the same time when CLAIMANT conveys to the UNITED STATES an original signed copy of this Stipulated Settlement, a complete list of tenants at the 28-31 Bouton Street property and true and correct signed copies of current leases for all of the tenants at the 28-31 Bouton Street property; and (3) if and to the extent requested by the United States Marshals at any time on or after the date when this Stipulated Settlement is filed with the Court, to immediately issue to any tenant of the 28-31 Bouton Street property, a written notice of termination of lease consistent with the lease term(s) allowing for such notice and termination.

-4-

13.   That the CLAIMANT's obligations to the United States of America with respect to paragraphs 9 through 12 shall terminate as of the date on which the Court issues the Decree of Forfeiture with respect to the 28-31 Bouton Street property.

14.   That the CLAIMANT hereby releases and forever discharges the United States of America, the Federal Bureau of Investigation, the Safe Streets Task Force, the United States Marshals Service, and the Norwalk Police Department, their officers, agents, servants, and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which CLAIMANT, her heirs, successors, or assigns ever had, now have, or may have in the future in connection with the above-captioned forfeiture actions against the Defendant properties, and in connection with the seizure, detention, forfeiture, marketing, and sale of the 28-31 Bouton Street property.

15.   That the United States of America hereby releases and forever discharges the 27 Lincoln Ave. Property, the CLAIMANT, her agents, servants, employees, heirs, successors, or assigns, and her husband Barney Burden, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which the United States of America ever had, now has, or may have in the future in connection with the above-captioned forfeiture actions against the Defendant properties, and in connection with the use, seizure, detention, forfeiture, marketing, and sale of said properties.

16. This Stipulation for Compromise Settlement shall not constitute an admission of liability or fault on the part of the UNITED STATES, its officers, agents, servants, or employees, or on the part of the CLAIMANT, and is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

17. The UNITED STATES and the CLAIMANT agree to bear their own costs and attorneys' fees in the above-captioned forfeiture cases, and to execute and/or consent to any additional documents necessary to implement the terms of this Stipulation for Compromise Settlement.

UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

Dated: _4/23/04_

HENRY K. KOPEL
Assistant U.S. Attorney
157 Church Street, 23d Floor
New Haven, CT 06510
(203) 821-3769
Federal Bar # ct24829

BRIAN E. SPEARS
Assistant U.S. Attorney
915 Lafayette Boulevard
Bridgeport, CT 06604
(203) 696-3000
Federal Bar # ct14240

ATTORNEYS FOR THE PLAINTIFF
UNITED STATES OF AMERICA

-6-

Dated: 4/23/04

ROBERT J. SULLIVAN, JR., ESQ.
190 Main Street
Westport, CT  06880
(203) 227-1404
Federal Bar # ct08969

JOHN THYGERSON, ESQ.
25 Beldon Ave.
Norwalk, CT 06850
(203) 846-9585
Federal Bar # ct21483

ATTORNEYS FOR THE CLAIMANT
ALQUEEN BURDEN

Dated: 4/23/04

ALQUEEN BURDEN
CLAIMANT

# EXHIBIT 1:

# Description of 28-31 Bouton Street property

ALL THOSE certain tracts or parcels of land, with the buildings standing situated in the    Town of Norwalk, and bounded and described as fo    s:

**FIRST TRACT:**

| | |
|---|---|
| Northerly: | 150 feet, more or less, by land of Calvin and Gardine M. Thigpen, formerly of Theresa Barbieri; |
| Easterly: | 47 feet by the Metro-North Commuter Railroad, formerly the New York, New Haven and Hartford Railroad Company; |
| Southerly: | 162.81 feet by other land of Margaret E. Wirth, known as Lot No. 1 on a certain map entitled, "Map of Property Prepared for John and Louis DiPietro, Norwalk, Conn. Scale 1" = 20', March, 1937, Fred B. Deilus, Surveyor", which map is on file in the office of the Town Clerk of said Town of Norwalk; and |
| Westerly: | 47 feet by Bouton Street. |

**SECOND TRACT:**

Known as Lot No. 1 on a map of the property prepared for John and Louis DiPietro, Norwalk, Conn., March, 1937, certified substantially correct by Fred B. Deilus, Surveyor, which map is on file in the Norwalk Land Records, and bounded and described as follows:

| | |
|---|---|
| Northerly: | 162.81 feet by other land of Margaret E. Wirth, formerly of Rose DiPierto; |
| Easterly: | 50 feet by the Metro-North Commuter Railroad, formerly the New York, New Haven and Hartford Railroad Company; |
| Southerly: | 168.19 feet by land of John DiPietro; and |
| Westerly: | 50 feet by Bouton Street. |

**THIRD TRACT:**

All that certain tract or parcel of land described as follows:

Sixty (60) feet, more or less, in front and rear, and one hundred sixty-five (165) feet, more or less, in depth and bounded:

| | |
|---|---|
| Northerly: | in part by Podmore Street, formerly Morgan Street, so-called, in part by land formerly of Katie Bartek, now of Nancy R. Puskas, and in part by land of John F. Hornyak and Mary Hornyak, formerly Joseph Kerekes and Clara Kerekes; |
| Easterly: | by highway called Bouton Street; |
| Southerly: | by land formerly of the Estate of Charles M. Ambler and Louis R. Ambler, now by other land of Margaret E. Wirth; and |
| Westerly: | by land formerly of Georgia E. Knapp, now of John Goodwin and Rose Goodwin, and being known as No. 29 Bouton Street. |

**FOURTH TRACT:**

All that certain tract or parcel of land described as follows:

Fifty (50) feet, more or less, in front and rear; One Hundred Fifty (150) feet, more or less, in depth, bounded:

| | |
|---|---|
| Northerly: | by land formerly of the Estate of Charles M. Ambler and Louis R. Ambler, now by other land of Margaret E. Wirth; |
| Easterly: | by highway called Bouton Street; |
| Southerly: | by land of Sarah D'Amico; and |
| Westerly: | by land formerly of Georgia E. Knapp, now of John Goodwin and Rose Goodwin, and being known as No. 31 Bouton Street. |

Being the premises described in a Warranty Deed from Patsy J. DiPietro to Carl H. Wirth and Margaret E. Wirth and recorded in Volume 545, Page 501 of the Norwalk Land Records, and a Warranty Deed from Salvatore Tatto to Carl H. Wirth and Margaret E. Wirth, recorded in Volume 578, Page 362 of said Norwalk Land Records.

Said premises are conveyed subject to limitations of use imposed by governmental authority, City of Norwalk taxes hereafter becoming due and payable.

# EXHIBIT 2:

# Description of
# 27 Lincoln Ave. property

PARCEL ONE:

ALL THAT CERTAIN tract or parcel of land with the buildings thereon situated in the Town of Norwalk, County of Fairfield and State of Connecticut, being known and designated as Lots 28A and 28B on that certain map entitled "Resubdivision Map of Property Prepared for Barney & Alqueen Burden" at Norwalk, Conn., Scale 1" = 20', November 16, 1987, revised January 5, 1988, certified "Substantially Correct" Gregory Surveyors, Norwalk, CT, Roger K. Gregory, L.S. Conn. Reg. No. 7025, which map is on file in the Office of the Town Clerk of the Town of Norwalk as Map No. 10567, reference thereto being had for a more particular description of real property.

BEING the same premises conveyed by Alqueen Burden to Barney Burden by Quit Claim Deed dated June 14, 1982 and recorded on June 21, 1983 in Volume 1541 at page 113 of the Norwalk Land Records.


PARCEL TWO:

ALL THAT CERTAIN tract or parcel of land, with the buildings thereon, situated in the Town of Norwalk, County of Fairfield and State of Connecticut, being the southerly four (4) feet of Lot No. 28 and the northerly thirty-six (36) feet of Lot No. 27 on a certain map entitled, "Map of Building Lots Belonging to Charles E. Hoyt, So. Norwalk, Conn., November 1908" which map is on file in the office of the Town Clerk and which premises are bounded:

NORTHERLY:     125 feet by land now or formerly of Harry and
               Anna Bojko;

EASTERLY:      40 feet by Lincoln Avenue;

SOUTHERLY:     125 feet by land now or formerly of Rose and
               Victor LiCari; and

WESTERLY:      40 feet, each in part by land now or formerly
               of Isidore Rosenthal and by land now or formerly
               of Antonio and Lillian Cofelice.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,   :
               :
     Plaintiff,     :
               :
    v.         :  Civil No. 3:01CV1073 (JCH)
               :
FOUR PARCELS OF PROPERTY :
LOCATED AT 28-31 BOUTON  :
STREET, NORWALK, CONNECTICUT, :
WITH ALL APPURTENANCES AND :
IMPROVEMENTS THEREON,  :
               :
     Defendants.   :
               :
[CLAIMANT:  ALQUEEN BURDEN] :
               :
               :
UNITED STATES OF AMERICA,   :
               :
     Plaintiff,     :
               :
    v.         :  Civil No. 3:01CV1086 (JCH)
               :
ONE PARCEL OF PROPERTY  :
LOCATED AT 27 LINCOLN AVENUE, :
NORWALK, CONNECTICUT,  :
WITH ALL APPURTENANCES AND :
IMPROVEMENTS THEREON,  :
               :
     Defendant.   :
               :
[CLAIMANT:  ALQUEEN BURDEN] :

ORDER

  Based on the parties' Stipulation for Compromise Settlement, it is hereby ORDERED AND

ADJUDGED:

1.   That the Stipulation for Compromise Settlement ("Stipulated Settlement") entered into by the PLAINTIFF, UNITED STATES OF AMERICA ("UNITED STATES"), and the CLAIMANT, ALQUEEN BURDEN ("CLAIMANT"), is hereby APPROVED.

2.   That the Stipulated Settlement shall be contingent upon the issuance of the Decree of Forfeiture of the Defendant property in Civil Case No. 3:01CV1073 (JCH), consisting of four parcels of property located at 28-31 Bouton Street, Norwalk, Connecticut, more specifically described in Exhibit 1 to the Stipulated Settlement  (hereinafter, "28-31 Bouton Street property"); and that the Court shall promptly issue the Decree of Forfeiture as soon as the necessary basis for its issuance is complete.

3.   That promptly following the Court's issuance of the Decree of Forfeiture, the United States Marshals shall make arrangements for the 28-31 Bouton Street property to be offered for sale.

4.   That the sale of the 28-31 Bouton Street property shall not be conducted by auction, but instead shall consist of the submission of the property by the U.S. Marshals, through their sub-contractor, to a qualified real estate broker for marketing and sale at fair market value to a qualified buyer. The real estate broker shall arrange to have the property listed on the multiple listings service in marketing the property. The broker's fee agreement shall be a fixed percentage of the sales price.

5.   That the UNITED STATES shall do the following upon the sale of the 28-31 Bouton Street property:

a.   If the sale price exceeds $600,000, the UNITED STATES shall, from the net proceeds of the sale, and at the closing of the sale or promptly following the closing, pay the CLAIMANT the dollar amount of the difference between the sale price and $600,000.

-2-

b.  If the sale price equals or is less than $600,000, the UNITED STATES shall not make any payment to the CLAIMANT.

6.  That, upon the Court's issuance of the Decree of Forfeiture with respect to the 28-31 Bouton Street property, the Court shall dismiss the civil action, <u>United States v. One Parcel of Property at 27 Lincoln Ave., et al.</u>, No. 3:01CV1086.  Said dismissal shall constitute the United States of America's consent to the CLAIMANT's retaining title and ownership of the property known as 27 Lincoln Ave., Norwalk, Connecticut, more specifically described in Exhibit 2 to this Stipulated Settlement (hereinafter, the "27 Lincoln Ave. property.").

7.  That the CLAIMANT shall maintain, through the date when a decree of forfeiture is entered, both the 28-31 Bouton Street property and the 27 Lincoln Ave. property (hereinafter, "the Defendant properties") in the same condition as existed on the date the Stipulation for Compromise Settlement was executed (allowing for ordinary wear), and shall not, nor cause or permit anyone else to, remove, destroy, alienate, transfer, detract from, remodel, or alter in any way either of the Defendant properties or any fixture that is part of either of the Defendant properties, without the express written consent of the UNITED STATES.  The term "maintain" shall include, but not be limited to, keeping the property free of hazard and structural defects, keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facility in good working condition, keeping the property clean, performing routine sanitation, waste removal, snow removal, and lawn mowing, and providing other ordinary and necessary routine maintenance.

8.  That the CLAIMANT shall maintain, and if necessary initiate, insurance polices with respect to each of the Defendant properties, and shall furnish the UNITED STATES with documentation of all such insurance, as follows.  The CLAIMANT shall maintain, through the date

-3-

when a decree of forfeiture is entered, casualty and fire insurance equal to the full replacement cost of each property and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from use of the property, or activities or conditions thereon.

9.     That the CLAIMANT shall not sell, transfer, convey, or liquidate either of the Defendant properties, or cause to be placed on either of the Defendant properties or upon either of the titles to the Defendant properties, any loans, mortgages, liens, or any other encumbrances.

10.    That the CLAIMANT shall, with respect to all leased and vacant rental space at the 28-31 Bouton Street property:  (1) not issue any new leases, or renew any expired lease, to any tenant or potential tenant, at any time on or after the date when CLAIMANT signs the Stipulation for Compromise Settlement; (2) furnish to the UNITED STATES, at the same time when CLAIMANT conveys to the UNITED STATES an original signed copy of the Stipulation for Compromise Settlement, a complete list of tenants at the 28-31 Bouton Street property and true and correct signed copies of current leases for all of the tenants at the 28-31 Bouton Street property; and (3) if and to the extent requested by the United States Marshals at any time on or after the date when the Stipulation for Compromise Settlement is filed with the Court, immediately issue to any tenant of the 28-31 Bouton Street property, a written notice of termination of lease consistent with the lease term(s) allowing for such notice and termination.

11.    That the CLAIMANT's obligations to the United States of America with respect to paragraphs 7 through 10 shall terminate as of the date on which the Court issues the Decree of Forfeiture with respect to the 28-31 Bouton Street property.

-4-

12.    That the UNITED STATES and the CLAIMANT shall comply with all terms of the Stipulation for Compromise Settlement.


SO ORDERED this _____ day of _____, 2004, at Bridgeport, Connecticut.


_____
HON. JANET C. HALL
UNITED STATES DISTRICT JUDGE

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 23d day of April, 2004, I caused a copy of the Stipulation for

Compromise Settlement, the proposed Settlement Order, and the proposed Decree of Forfeiture to

be delivered by hand to Robert Sullivan, Esq., 190 Main Street, Westport, CT  06880, and to be

delivered by first class mail, postage prepaid, to John Thygerson, Esq., 25 Beldon Ave., Norwalk,

CT 06850.


_____

Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,          :
                                   :
            Plaintiff,             :
                                   :
      v.                           :          Civil No. 3:01CV1073 (JCH)
                                   :
FOUR PARCELS OF PROPERTY           :
LOCATED AT 28-31 BOUTON            :
STREET, NORWALK, CONNECTICUT,      :
WITH ALL APPURTENANCES AND         :
IMPROVEMENTS THEREON, AND          :
                                   :
            Defendants.            :
                                   :
[CLAIMANT: ALQUEEN BURDEN]         :

## DECREE OF FORFEITURE

On June 11, 2001, a Verified Complaint of Forfeiture against the Defendant, four parcels of property located at 28-31 Bouton Street, Norwalk, Connecticut, with all appurtenances and improvements thereon ("Defendant Property"), was filed on behalf of the Plaintiff, United States of America ("United States"). The Complaint alleges that the Defendant Property was used or intended to be used in any manner or part to commit or to facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C.§§ 801 et seq., and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

It appearing that process was fully issued in this action and returned according to law:

That on June 21, 29, and July 5, 2001, notice of this action was published in the Connecticut Post newspaper;

That on June 12, 2001, the United States Marshals Service personally served Alqueen Burden with the Verified Complaint of Forfeiture, and with an ex parte warrant for seizure of real property;

That on June 12, 2001, the United States Marshals Service personally served Les' New Moon Café with the Verified Complaint of Forfeiture, and with an ex parte warrant for seizure of real property;

That on June 15, 2001, the United States Marshals Service personally served Alqueen Burden with the Notice of Complaint for Forfeiture Against Real Property and Lis Pendens;

That on July 17, 2001, Alqueen Burden filed a claim to the Defendant Property;

That on July 24, 2001, Leslie E. Mann filed a Claim to the Defendant Property and Answer to the Verified Complaint of Forfeiture;

That on October 24, 2002, Alqueen Burden filed an Answer to the Verified Complaint of Forfeiture;

That on _____, 2004, Leslie E. Mann formally withdrew his Claim and Answer.

That on April 23, 2004, the parties entered into a Stipulation for Compromise Settlement in which the Claimant Alqueen Burden agreed to the forfeiture and disposition according to law of the Defendant Property, in which the parties agreed that the Defendant Property would be offered for sale by agents/representatives of the United States Marshals Service, and that if the sale price exceeded $600,000, the United States would pay the Claimant, out of the net proceeds of the sale, at or promptly after the closing on the sale, the dollar amount of the difference between the sale price and $600,000.

Now, therefore, on motion of the Plaintiff, United States of America, for a Decree of Forfeiture, it is hereby:

ORDERED, ADJUDGED AND DECREED that the default as to all persons having any right, title or interest in four parcels of property located at 28-31 Bouton Street, Norwalk, Connecticut, with all appurtenances and improvements thereon, be and is hereby entered herein; and it is further

ORDERED, ADJUDGED AND DECREED that the property located at 28-31 Bouton Street, Norwalk, Connecticut, with all appurtenances and improvements thereon, be forfeited to the United States of America and disposed of according to law; and it is further

ORDERED, ADJUDGED AND DECREED that:

      a.  The United States Marshals Service shall make arrangements to have offered for sale, the property located at 28-31 Bouton Street, Norwalk, Connecticut, with all appurtenances and improvements thereon; and

      b.  If the property located at 28-31 Bouton Street, Norwalk, Connecticut, with all appurtenances and improvements thereon, is sold for a price that exceeds $600,000, then the United States shall pay the Claimant Alqueen Burden, out of the net proceeds of the sale, at or promptly after the closing on the sale, the dollar amount of the difference between the sale price and $600,000.

Dated at Bridgeport, Connecticut, this _____ day of _____, 2004.


                                   _____

                                   HONORABLE JANET C. HALL
                                   UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

This is to certify that on the 23d day of April, 2004, I caused a copy of the Stipulation for

Compromise Settlement, the proposed Settlement Order, and the proposed Decree of Forfeiture to

be delivered by hand to Robert Sullivan, Esq., 190 Main Street, Westport, CT 06880, and to be

delivered by first class mail, postage prepaid, to John Thygerson, Esq., 25 Beldon Ave., Norwalk,

CT 06850.

Assistant U.S. Attorney